FILED

2024 JUL 30 AM 10:07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: CRD

Robinson Yang
Fed Reg. 32375-510
13122 Roswell Ave.
Chino, CA 91710

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBONSON RIN YANG,<br><br>Defendant. | No.: CR 22-472-GW<br><br>**DEFENDANT YANG'S REPLY TO PLAINTIFF'S OPPOSITION REGARDING FIRST STEP ACT CREDITS**<br><br>[Pursuant to 18 U.S.C. § 3582(c)(1)(A)]<br><br>Hearing Date: None Set<br><br>Judge: Hon. George Wu |

Defendant Robinson Rin Yang, a federal prisoner currently in home confinement, files his Reply to the government's opposition to his request for First Step Act credit. On July 5, 2024, the Defendant filed his Motion to Apply for First Step Act Credit. [Dkt. 36]. The Defendant requested that he be credited with his eligible First Step Act ("FSA") credit. The government on July 23, 2024, file an amended opposition to his motion to be credited his eligible FSA credit. [Dkt. 40]. For the following reasons, the Defendant urges the Court to grant his relief.

## I. INTRODUCTION

Defendant seeks an order from this Court directing the Bureau of Prisons ("BOP") to apply the earned First Step Act ("FSA") credits to his sentence under 18 U.S.C. § 3582(c)(1)(A). Specifically, the 1-year credit off his sentence, or for the Court to reduce his sentence by the 1-year for the FSA credit he is

claims and is, therefore, without merit.

It should be noted that since the filing of Defendant's motion for relief, the BOP has suddenly moved his home confinement date from October 9, 2024, to July 29, 2024, crediting his FSA earned credit. In doing so, the government recalculated and applied the Defendant's credits toward home confinement. However, the BOP, by their recent actions in applying the FSA credits through the transfer of Defendant to home confinement, is an admission that Defendant is entitled to the FSA credit. The BOP has skirted the issue of the 1-year credit to which Defendant is entitled.

**II. EXHAUSTION OF ADMINISTRATIVE REMEDY**

The Defendant has diligently followed the administrative remedy process, as mandated by 18 U.S.C. § 3582(c)(1)(A). He submitted a BP-9 certificate to the Residential Reentry Manager on June 3, 2024, which has not been responded to within the 30-day period. The government's opposition ignores this critical issue and attempts to sidestep the requirement by arguing that the Defendant should have submitted a separate administrative appeal. This is a mere technicality and does not absolve the B.O.P. of its duty to respond to the Defendant's request. Furthermore, the failure to answer the remedy fulfills the exhaustion requirement.

**III. APPLICABILITY OF THE FIRST STEP ACT**

Since his self-surrender on June 27, 2023, Defendant has actively participated in evidence-based recidivism reduction programs and productive activities, as the First Step Act encouraged. This demonstrates his eligibility to earn FSA credits and his commitment to rehabilitation. The government's opposition fails to provide any persuasive argument to the contrary. The remaining issue is the 1-year credit of his sentence which would now place him in supervised release.

///

///

///



Robinson Yang
Fed. Reg. No. 32375-510

noted:

> **"Staffing shortages and deficient training leave First Step Act floundering, federal prison employees say."**
> "This is the biggest failure I've seen of something that's a law. It's pathetic," one prison counselor said at FCI Coleman. In January, the Justice Department published a final rule related to the time credit program in a larger effort to ensure inmates aren't being left behind and their hours are being properly counted. Still, prisoner advocacy groups, affected inmates and former federal prison officials have expressed skepticism, telling NBC News this month that there are thousands of inmates whose time credits aren't getting applied and that, in some cases, the inmates aren't released as early as they should be."

The BOP admits that Defendant is entitled to 15 days FSA credit per month and inmates are entitled to. Specifically, "By statute, when an inmate's sentence includes a term of supervised release to follow incarceration, the BOP "may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3). Eligible inmates can earn up to 365 days of earned ETCs that will be automatically applied to early release [1-year reduction in sentence]. See PS 5410.01 at 17. Thus, all credits earned <u>in excess of these 12 months</u> can only be applied toward placement in "prerelease custody," which is defined as either home confinement or a residential reentry center." 18 U.S.C. § 3624(g)(2)(A) & (B). (Gov. Opp. p. 4:22-28).

The recent actions and statements herein by the BOP confirm that the Defendant's transfer to home confinement after the First Step Act (FSA) means that he is entitled to a one-year sentence reduction.

However, contrary to their words and actions, they inaccurately state that the Defendant is not entitled to the one-year sentence reduction because he has only earned 150 days of FSA credit.

There is no disputing that Defendant self-surrendered to FCC Florence Camp on June 27, 2023. The BOP claims that a prisoner who meets the eligibility for FSA credit "must complete two risk assessments." Specifically for prerelease custody, an eligible inmate "has been determined under the System to be a



being denied. The government's opposition does not adequately address the merits of the Defendant's

3624(g)(1)(D)(i)(I). (Gov. Opp. p. 4:14-17).

According to 18 U.S.C. § 3585(a), a federal sentence begins when the defendant arrives at the facility where they will serve their sentence or is detained in custody while waiting to be transported to that facility. In simple terms, a federal sentence cannot start before the date on which it was imposed. Therefore, once a prisoner enters the designated facility, their sentence officially begins.

The First Step Act enables inmates to earn time credits by completing recidivism reduction programs or productive activities. If they meet specific eligibility requirements, these credits can be used for early transfer to pre-release custody (such as home confinement or Residential Reentry Centers) or for supervised release.

The First Step Act requires the implementation of a risk and needs assessment system (RNAS) to reassess each prisoner regularly. This system is crucial in determining the level of recidivism risk (minimum, low, medium, or high) and assigning rehabilitative programming based on that assessment. However, the **FSA does not explicitly mandate two risk reassessments** before a prisoner is entitled to FSA credit. This reassessment is contrary to the law. See S.3649 - The First Step Act TITLE I: RECIDIVISM REDUCTION Section 101. Risk and needs assessment system.

The BOP states that Defendant has served 13 months. The Defendant has served 14 months and is entitled to the FSA 1-year off-sentence credit. The BOP's credit calculation is inaccurate, claiming that Defendant is entitled to 10 days of credit per month from June 27, 2023, through January 21, 2024. Using simple calculations, June to January equals eight (8) months at 10 days credit; the total is 80 days, not 60 days. As illustrated herein, the First Step Act does not set forth eligibility requirements for prisoners to receive two risk assessments before being eligible for 15-day FSA credit. BOP made up rules' contrary to the law.

The Defendant is unequivocally entitled to the 1-year sentence reduction credit as stipulated under the First Step Act. Having completed his sentence, he is rightfully entitled to be transferred to supervised release.



This is a BOP wide problem. In an NBC News article published July 3, 2024, the following was

**IV. CONCLUSION**

For the foregoing reasons and conclusions of law Defendant Robinson Yang should be credited the 1-year sentence reduction and be transferred to supervised release under the First Step Act.

Respectfully submitted,

Dated: 7/30/24

Robinson Rin Yang,
Defendant



minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner." 18 U.S.C. §

## CERTIFICATE OF SERVICE

I, Clarisa Renteria, am over the age of 18 years and I am not a party to this action. I hereby certify that on this 30th day of July 2024, that I sent the foregoing via first-class postage, prepaid or other delivery charges prepaid, by depositing said documents herein listed with the United States Postal Service, for mailing copies of the foregoing:

**DEFENDANT YANG'S REPLY TO PLAINTIFF'S OPPOSITION REGARDING FIRST STEP ACT CREDITS**
[Pursuant to 18 U.S.C. § 3582(c)(1)(A)]

To the following individual(s), party(s) and/or entity(s):

United States Attorney's Office
Central District of California
312 N. Spring Street
Los Angeles, CA 90012

I certify under the penalty of perjury that the foregoing is true and correct.

Clarisa Renteria